UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CENTURION SILVER, LLC,**
**a New Mexico Limited Liability**
**Company, et al.,**

    **Plaintiffs,**

    v.                                    **CIV. NO. 07-1091 RB/ACT**

**SILVERBERG DEVELOPMENT**
**CORPORATION, a California**
**corporation,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Silverberg Development Corporation's ("SDC") Second Motion to Compel filed May 20, 2008 [Doc. 61]. Upon review of the pleadings and being otherwise advised, the Court finds that SCD's Motion is well taken in part.

The Court notes that the issues concerning Interrogatory No. 4 in SDC's First Set of Interrogatories and Requests for Production of Documents have been resolved and SDC's motion as to this interrogatory will be denied as moot.

Request for Production No. 6 in SDC's Second Set of Interrogatories and Request for Production of Documents asks for documents concerning the status and operation of the subject buildings from August 1, 2007, to the present. Centurion asserts that the information is irrelevant because this information requested only goes to the remedy of specific performance and remedies are not relevant until the conclusion of the case. Centurion also asserts that the request would impose on Centurion an on-going duty to supplement information into "perpetuity." The Court will overrule Centurion's objections.

This matter involves SCD's agreement with Centurion to buy four office buildings in Albuquerque: Silver Square, Compass Bank, Bank of the West and Two Park Central Tower. Centurion terminated its agreement to sell the subject buildings after SDC declined to commit that it would also close on the purchase on the Silver Square and Compass Bank building after purchasing the Bank of the West and Two Park Central Tower. At issue is whether the three Purchase and Sale Agreements, as amended, required SDC to close on the purchase of all four buildings if it wished to close on the purchase of any of them.

The Court finds that the information sought is discoverable in that it appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26. The information sought concerns the buildings that SDC has sought to and may continue to seek to purchase. Centurion offers no authority for its position that information concerning remedies is not discoverable until the conclusion of the case. Unlike the cases relied on by Centurion, the information sought in this lawsuit is not information to satisfy a judgment, but rather information that may be relevant at the time of trial.

As to Centurion's assertion that the request imposes an ongoing duty into perpetuity to provide financial information, the Court directs Centurion to Federal Rule of Civil Procedure 26(e) that requires supplementation of initial disclosures and discovery requests.

Interrogatories 1-14 and 17 of SDC's Third Set of Interrogatories are contention interrogatories. Centurion asserts that contention interrogatories that ask for a narrative account of the case are objectionable. The contention interrogatories in this matter are specific and narrowly drawn and therefore are not objectionable. Fed.R.Civ.P. 33(a)(2); *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 544 (D. Kan. 2006 (Requests for opinions or contention that call for the

application of law to fact – "contention interrogatories"--are proper.). Furthermore, as discovery ends August 12, 2008, there is no basis to argue that these requests are premature.

Requests for Admissions Nos. 1-8 ask Centurion to admit or deny agreed to specific language in the Purchase and Sales Agreements. Centurion denied each request. SDC asserts that Centurion should be required to "affirmatively confirm the existence of language in portions of documents that were created by both parties." Reply at 8. The Requests for Admissions are not drafted to confirm the existence of language, but rather for Centurion to admit or deny it agreed to what is stated in portions of the documents. The Court finds that Centurion's responses are sufficient. If SDC proves at trial that the requests were improperly denied, Federal Rule of Civil Procedure 37(c)(2) is the proper recourse. *Ash Grove Cement v. Employers Insurance of Wausau*, 2007 WL 2333350 (D. Kan. 2007) (If a party failed to admit the truth of any matter and the party requesting the admissions thereafter proves the truth of the mater, the requesting party may ask the court to pay reasonable expenses incurred in making that proof).

**IT IS THEREFORE ORDERED** that SDC's Second Motion to Compel is granted in part and denied in part and that:

(1)  SDC's Second Motion to Compel as to Interrogatory No. 4 is denied as moot;

(2)  Centurion is compelled to respond to Request for Production No. 6 and Interrogatories Nos 1-14 and 17 within fifteen (15) days of entry of this Order; and

(3)  SDC's Second Motion to Compel as to SCD's First Request for Admissions is denied.

**ALAN C. TORGERSON**
**United States Magistrate Judge**